```
                                          Minimum Mandatory  NO
                                          Rule 35/5K1.1      NO
                                          Appeal Waiver      NO
                                          Other              YES[1]
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | SUPERSEDING INDICTMENT |
| | ) | NO. CR 410-153 |
| v. | ) | |
| | ) | VIO: 21 U.S.C. § 846 |
| HERMAN FELIX WILLIAMS and | ) | Conspiracy to Possess with Intent to |
| LEONARD ANDERSON | ) | Distribute and to Distribute a |
| | ) | Quantity of Cocaine Hydrochloride |
| | ) | (Powder), Cocaine Base (Crack), |
| | ) | and Marijuana |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Possession with Intent to Distribute |
| | ) | a Quantity of Cocaine Hydrochloride |
| | ) | (Powder), Cocaine Base (Crack), |
| | ) | and Marijuana |
| | ) | |
| | ) | 21 U.S.C. § 853 |
| | ) | Forfeiture |

## PLEA AGREEMENT - HERMAN FELIX WILLIAMS

**DEFENSE COUNSEL:**

Thomas A. Withers
Gillen, Withers, & Lake, LLC
P.O. Box 10164
Savannah, GA 31412
912-447-8400
Fax: 912-629-6347
Email: twithers@gwllawfirm.com



---

[1] Plea contains a FOIA waiver.

## COUNTS / STATUTES CHARGED:

1/ 21 U.S.C. § 846      Conspiracy to Possess with Intent to Distribute and to Distribute a Quantity of Cocaine Hydrochloride (Powder), Cocaine Base (Crack), and Marijuana

2/ 21 U.S.C. § 841(a)(1)      Possession with Intent to Distribute a Quantity of Cocaine Hydrochloride (Powder), Cocaine Base (Crack), and Marijuana

## COUNT / STATUTE PLEADING TO:

2 / 21 U.S.C. § 844(a)      Felony Possession of Marijuana
**(LESSER INCLUDED OFFENSE OF COUNT TWO)**

## PENALTY:

2 / 21 U.S.C. § 844(a)      not less than 15 days nor more than 2 years imprisonment; a fine of at $2,500, or both; Not more than 1 year supervised release; $100 special assessment (18 U.S.C. § 3013)

## ELEMENTS

**FIRST:** That the defendant knowingly possessed marijuana; and

**SECOND:** That the Defendant did this after a felony Federal drug conviction had become final.

## SUMMARY OF GOVERNMENT'S PROMISES:

- Not oppose a recommendation for the maximum reduction for acceptance of responsibility for which defendant is eligible, provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under U.S.S.G. § 1B1.3;

- Stipulate and recommend that the Court limit relevant conduct in this case to the marijuana recovered from the center coffee table at 373 Laurel Oaks Lane, Thunderbolt, Georgia on May 10, 2010, which is less than an ounce of marijuana; and

- Dismiss the remaining counts of the Indictment.

**SUMMARY OF DEFENDANT'S PROMISES**:

- Plead guilty to the lesser included offense of Count 2 of the Indictment;
- Acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement;
- Consent to the FOIA waiver described hereafter, and
- Pay on the date of sentencing any assessments imposed by the Court.

Darrin L. McCullough, Assistant United States Attorney, and the undersigned attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

1. **GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT**

Upon the defendant's entry of a plea of guilty to the lesser included offense of the offense charged in Count 2 of the Indictment, his/her full compliance with all promises made hereinafter as a part of this agreement, and his/her adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

a.  Not oppose a recommendation for the maximum reduction for acceptance of responsibility for which defendant is eligible, provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under U.S.S.G. § 1B1.3;

b.  Stipulate and recommend that the Court limit relevant conduct in this case to the marijuana recovered from the center coffee table at 373 Laurel Oaks Lane, Thunderbolt, Georgia on May 10, 2010, which is less than an ounce of marijuana; and

c.  Dismiss the remaining counts of the Indictment.

## 2.  DEFENDANT'S OBLIGATIONS UNDER THIS AGREEMENT

The obligations of the defendant under this agreement are as follows:

a.  The defendant is required to **plead guilty** to the lesser included offense of the offense charged in Count 2 of the Indictment;

b.  The defendant agrees to the FOIA waiver described hereafter,

c.  The defendant agrees to pay the mandatory special assessment of $100 to the U.S. District Court Clerk at or before sentencing; and

d.  The defendant will acknowledge at the time of the plea of guilty the truth of the facts set forth in paragraph 3 herein.

## 3.  FACTUAL BASIS

The defendant understands that Count 2 of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that on or about May 10, 2010, in Chatham County, in the Southern District of Georgia, the defendants,

**HERMAN FELIX WILLIAMS and**
**LEONARD ANDERSON,**

aided and abetted by other persons both known and unknown, did knowingly and intentionally possess with intent to distribute a quantity of cocaine hydrochloride (powder), cocaine base (crack) (both Schedule II controlled substances), and marijuana (a Schedule I controlled substance), in

4

H.F.W     ~J.A.W.

violation of Title 21, United States Code, Section 841(a)(1), **and that his plea of guilty constitutes proof of the lesser included offense of that count, 21 U.S.C. Section 844(a), that is to say, that he possessed marijuana after a federal felony drug conviction had become final.**

The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

The defendant further advises the Court that the defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider <u>all</u> of defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw his guilty plea.

4. **FOIA AND PRIVACY ACT WAIVER**: The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

5. **FINES & ASSESSMENTS**

The defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing

H.F.W

M.H.W.

and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

6. **DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT**

   a.   The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the Indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

   b.   The defendant further represents to the Court that the plea agreement as set forth

herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

c. The defendant represents to the Court that the defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 20th day of October, 2010.

EDWARD J. TARVER
UNITED STATES ATTORNEY

Karl I. Knoche
Deputy Chief, Criminal Division

Darrin L. McCullough
Assistant United States Attorney

8

H.F.W.
J.A.W.

I have read the foregoing Plea Agreement, consisting of 9 pages, including this one, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

X _____
Herman Felix Williams
Defendant


_____
Thomas A. Withers
Attorney for the Defendant


10-19-10
Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | SUPERSEDING INDICTMENT |
| | ) | NO. CR 410-153 |
| v. | ) | |
| | ) | VIO: 21 U.S.C. § 846 |
| HERMAN FELIX WILLIAMS and | ) | Conspiracy to Possess with Intent to |
| LEONARD ANDERSON | ) | Distribute and to Distribute a |
| | ) | Quantity of Cocaine Hydrochloride |
| | ) | (Powder), Cocaine Base (Crack), |
| | ) | and Marijuana |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Possession with Intent to Distribute |
| | ) | a Quantity of Cocaine Hydrochloride |
| | ) | (Powder), Cocaine Base (Crack), |
| | ) | and Marijuana |
| | ) | |
| | ) | 21 U.S.C. § 853 |
| | ) | Forfeiture |

**O R D E R**

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea, and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 25th day of January 2010.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA